UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| David Tharp, Board of Trustees Chairman, and Douglas Robinson, Board of Trustees Secretary, on behalf of INDIANA/ KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUANE CONSTRUCTION, INC., and MARK RUANE, <br><br> Defendants. | Case No. 2:12-CV-364 JD |

## OPINION AND ORDER

The Court previously granted in part plaintiffs' Motion for Default Judgment and entered default judgment against defendant Ruane Construction. [DE 14.] At that time, the Court declined to enter default judgment against Mark Ruane individually, since questions remained regarding whether the claims against Mr. Ruane were preempted by the LMRA. Now before the Court is plaintiffs' Renewed Motion for Default Judgment, in which plaintiffs have further briefed the issue of LMRA preemption. [DE 16.] For the reasons stated below, plaintiffs' Renewed Motion for Default Judgment is **DENIED**.

The remaining counts of plaintiffs' complaint (Counts 3 and 4) allege that Mark Ruane was the owner, president, and/or CEO of Ruane Construction; that a CBA obligated Ruane Construction to make certain payroll deductions from the paychecks of the unionized employees of Ruane Construction; that the company did in fact withhold the necessary amounts; but that Mr. Ruane made a decision not to transmit the withholdings as required. The well-pleaded facts

of the complaint are accepted as true by virtue of Mark Ruane's default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Plaintiffs allege that these facts entitle them to relief either under the common law theory of tortious conversion (Count 3) or the Indiana civil conversion statute (Count 4).

However, the entry of default judgment under Rule 55(b) lies within the sound discretion of the Court and is not automatic. *Duling v. Markun*, 231 F.2d 833, 836 (7th Cir. 1956). "In determining whether to enter a default judgment, the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005) (quoting Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998)). Plaintiffs seeking default judgment must demonstrate that they are entitled to judgment as a matter of law. *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995).

Here, the plaintiffs have not established that they are entitled to judgment as a matter of law. As noted in the Court's order on plaintiffs' previous motion for default judgment, section 301 of the LMRA preempts state law claims that require interpretation of a collective bargaining agreement. *In re Bentz Metal Prods. Co.*, 253 F.3d 283, 285–86 (7th Cir. 2001) ("it is well-understood that a claim for breach of a collective bargaining agreement is preempted"). While not all claims that reference a CBA are preempted, "[s]ection 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'" *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996) ("preemption is found when a provision of the collective bargaining agreement is the subject of the dispute or the

dispute is substantially dependent upon an analysis of the terms of the collective bargaining agreement.").

In their renewed motion, plaintiffs argue two reasons why LMRA preemption should not attach in this case. First, they cite *Construction and General Laborer's District Council of Chicago and Vicinity v. Roth's Reliable Construction Company*, in which a district judge in the Northern District of Illinois found that a civil conversion claim was not preempted by the LMRA. No. 03 C 7417, 2004 WL 1470269 (N.D. Ill. June 29, 2004). Plaintiffs argue that *Roth's Reliable* is similar to this case because, in both cases, "the individual defendant had deducted the monies and pocketed them." [DE 16-1 at 3.]

However the facts of *Roth's Reliable* are distinguishable from those in this case. *Roth's Reliable* involved wage assignments that individual employees had executed with the business, separate and apart from any CBA between the union and the business. 2004 WL 1470269, at *2. The plaintiffs' claims in *Roth's Reliable* then alleged a breach of those wage assignments, rather than a breach of the CBA. That distinction was key to the district court's decision that the claim was not preempted by the LMRA. *Id.* ("In other words, the state law claims flow from the wage assignments, not the CBA. Regardless of whether the CBA was the impetus for the wage assignments, the issue before the court is whether the defendants complied with the wage assignments' terms and conditions."). The complaint here only alleges that Mr. Ruane breached obligations arising out of a CBA, rather than any wage assignments executed by the employees of Ruane Construction or any other contractual obligation, separate and distinct from the CBA.

The Court believes this case is more analogous to the situation in *Shales v. Asphalt Maintenance, Inc.*, which plaintiffs cite but attempt to distinguish. No. 03 C 8250, 2004 WL 2191609 (N.D. Ill. Sept. 28, 2004). In *Shales*, the plaintiff brought a similar state law claim of

conversion against an individual defendant for failure to remit withheld wages. *Id.* at 4–5. The court held that claim preempted by the LMRA and explained: "Plaintiff's rights and [the individual defendant's] duties arose directly from the CBA. In order to evaluate what those rights and duties were, the Court will necessarily have to interpret the CBA. As a result, the state tort claim for conversion is inextricably intertwined with the terms of the CBA, and the claim is preempted by the LMRA." *Id.* at *5.

Second, plaintiffs argue that preemption of the claim is not necessary because "the particular contractual provision is so clear as to preclude all possible dispute over its meaning." [DE 16-1 at 5 (citing *Wisconsin Cent., Ltd., v. Shannon*, 539 F.3d 751, 758 (7th Cir. 2008)).] However, the Court reads that exception to apply to cases in which a claim requires mere reference to a CBA, rather than being based wholly on an obligation arising out of a CBA. *Wisconsin Cent.*, 539 F.3d at 758 ("this Court has identified many scenarios where CBAs may be *implicated* as part of a state or federal cause of action, but preemption/preclusion of the claim is unnecessary" (emphasis added)); *Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004) ("If a state-law claim requires *reference* to, but not interpretation of, a collective bargaining agreement, the claim is not preempted." (emphasis added)). The Supreme Court has made clear that the LMRA alone "governs claims founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *see also Atchley*, 101 F.3d at 498–99 (the LMRA preempts claims "directly founded on" a CBA). Here, the plaintiffs claim to the money collected by Ruane Construction is founded directly and solely on the rights created by the CBA. Accordingly, the LMRA preempts the plaintiffs' state law conversion claims.

The Court notes that this conclusion is consistent with other decisions recently reached in this district and in other districts around the country. *Laurer v. Wagoner & Sons Concrete, Inc.*, No. 2:12-cv-511, 2014 WL 3928551, at *2 (N.D. Ind. Aug. 12, 2014) (finding substantially identical state law claims preempted by the LMRA and denying default judgment); *DeLange v. Uptown Painting & Decorating, Inc.*, No. 2:11-cv-181, 2014 WL 321297, at *2–3 (N.D. Ind. Jan. 29, 2014) (same, but providing opportunity for additional briefing); *Int'l Ass'n of Heat & Frost Insulators & Allied Workers Local No. 24 v. Chesapeake Firestop Prods. Inc.*, No. 12-cv-1376, 2012 WL 3137424, at *3–4 (D. Md. July 31, 2012) (finding civil conversion claim against individual defendant preempted by LMRA); *Shales*, 2004 WL 2191609, at *5 (same).

For those reasons, plaintiffs' Renewed Motion for Default Judgment is **DENIED**. [DE 16.]

SO ORDERED.

ENTERED:   October 28, 2014

                                                    /s/ JON E. DEGUILIO
                                                   Judge
                                                   United States District Court